UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Civil Case No. 09-80503-Civ-RYSKAMP/VITUNAC

JOEL B. ROTHMAN,

    Plaintiff,

vs.

THE FLORIDA BAR and ADRIA E.
QUINTELA, in her official capacity as
Chief Disciplinary Counsel, Fort
Lauderdale Branch, of the Legal Division
of The Florida Bar,

    Defendants.

_____/

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants, The Florida Bar and Adria Quintela, hereby submit their answers and affirmative defenses to Plaintiff's Complaint and state as follows:

1. Admitted that the Florida Rules of Professional Conduct govern the advertising of Florida lawyers, including Plaintiff. Admitted that The Florida Bar issued a staff opinion which determined that client reviews solicited by attorneys constitute testimonials prohibited by 4-7.2(c)(1)(j).

2. Denied.

3. Admitted that the Florida Bar and Adria Quintela are defendants in this action. Admitted that the suit purports to seek an injunction and a declaration.

4. Admitted for jurisdictional purposes only.

5. Admitted that Plaintiff is a member of The Florida Bar. Defendants are without knowledge regarding the remaining allegations.

6. Denied.

7. Admitted.

8. Admitted, although advertising cases are generally handled through The Florida Bar's Headquarters in Tallahassee, Florida and not its branch legal divisions.

9. Admitted.

10. Admitted that the Florida Rules of Professional Conduct serve the state's legitimate interest in protecting consumers from false and misleading advertising. The remaining allegations are denied.

(a) Admitted that Rule 4-7.2(c)(1)(f) and its comment are accurately quoted.

(b) Admitted that Rule 4-7.2(c)(1)(j) and its comment are accurately quoted.

(c) Admitted that Rule 4-7.2(c)(2) is accurately quoted and Florida Supreme Court opinion interpreting the rule is accurately cited.

11. Denied.

12. Denied.

13. Defendants are without knowledge regarding the rules of other unnamed states. The remaining allegations are denied.

14. The Defendants are without knowledge regarding the model rules of the ABA or the rules of other unnamed states with respect to "these forms of communication." The remaining allegations of paragraph 14 are denied.

15.     Admitted that Rule 4-7.6 governs "computer-accessed communications." The remaining allegations are denied.

(a) Admitted that Rule 4-7.6(b) and Rule 4-7.1(g) are accurately quoted. Denied that Plaintiff's interpretations, statements and/or arguments in the remaining allegations regarding the meaning or application of the rules are accurate.

(b) Admitted that Rule 4-7.6(d) is accurately quoted.

16.     Denied.

17.     Admitted.

18.     Admitted that the Board of Governor's rejected the task force's recommendation and appointed a Special Committee on Website Advertising. The remaining allegations of paragraph 18 are denied.

19.     Admitted that the Special Committee on Website Advertising produced a report. The remaining allegations of paragraph 19 are denied.

20.     Admitted that the Federal Trade Commission's Office of Policy Planning, Bureau of Consumer Protection, and Bureau of Economics ("FTC") submitted comments to The Florida Bar by letter, dated March 23, 2007. To the extent that the FTC comments quoted in the allegations of paragraph 20 are taken from the March 23, 2007 letter, Defendants admit that the FTC's comments are accurately quoted in the first quotation, but deny that the FTC comments are accurately quoted in the second quotation.

21.     Admitted that the Board of Governors voted against the Special Committee's recommendations. The remaining allegations of paragraph 21 are denied.

(a)     Admitted that the Board of Governors recommended home page requirements comply with all advertising rules except the filing requirement.

3

(b) Admitted.

(c) Admitted that the Board of Governors recommended that all information about a lawyer or a law firm's services that are posted on a website which is not controlled by the law firm comply with lawyer advertising rules.

22. Denied.

23. Admitted.

24. Admitted.

25. Denied.

26. Without knowledge.

27. Without knowledge.

28. Without knowledge.

29. Without knowledge.

30. Without knowledge.

31. Admitted that on April 8, 2008 the Standing Committee on Advertising determined that Florida attorneys can advertise their Avvo rating. Denied that the remaining allegations of paragraph 31 accurately summarize the committee's statement regarding violation of other rules.

32. Without knowledge.

33. Without knowledge.

34. Without knowledge.

35. Without knowledge.

36. Admitted that Plaintiff made a telephone inquiry with The Florida Bar's ethics counsel regarding client reviews on Avvo provile. Denied that the remaining allegations of paragraph 36 accurately summarize the telephone inquiry.

37. Admitted that Plaintiff requested confirmation of his telephone inquiry. The Florida Bar did not provide an opinion but informed Plaintiff that he could request review by the Standing Committee on Advertising ("SCA"). By letter dated June 23, 2008, Mr. Rothman requested review by the SCA. The remaining allegations of paragraph 37 are denied.

38. Admitted that the SCA met on September 11, 2008. Denied that the SCA voted to uphold ethic's counsel opinion, however, the SCA did direct ethic's counsel to issue an opinion. Admitted that ethics counsel issued an opinion after the September 11, 2008 meeting which determined that attorney requests for client ratings on the AVVO website constitute testimonials prohibited by Rule 4-7.2(c)(1)(J).

39. Admitted.

40. Without knowledge.

41. Without knowledge.

42. Without knowledge.

43. Denied.

44. The allegations of paragraph 44 contain Plaintiff's prayer for relief and as such no response is required. To the extent a response is required, Defendants deny that the requested relief is warranted.

<u>s/ Karusha Y. Sharpe</u><br>
**BARRY RICHARD**<br>
FLORIDA BAR NUMBER 0105599

**KARUSHA Y. SHARPE**
FLORIDA BAR NUMBER 0540161
**GREENBERG TRAURIG, P.A.**
101 EAST COLLEGE AVENUE
TALLAHASSEE, FL 32301
TELEPHONE (850) 222-6891
FACSIMILE (850) 681-0207

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of June, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to the following:

**Bruce S. Rogow, Esq.**
**Cynthia E. Gunther, Esq.**
Bruce S. Rogow, P.A.,
Broward Financial Centre, Suite 1930
500 E. Broward Boulevard
Fort Lauderdale, FL 33394

**Gregory A. Beck, Esq.**
**Brian Wolfman, Esq.**
Public Citizen Litigation Group
1600 20th Street, N.W.
Washington, DC 20009.

/s/ Karusha Y. Sharpe
Attorney

*TAL 451,518,704v1 6-1-09*